IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Lexon Insurance Company | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-01293 (JCC/TRJ) |
| | ) | |
| Blue Ridge Shadows, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion (no. 16) for default judgment against defendants Blue Ridge Shadows, LLC ("Blue Ridge Shadows"), Blue Ridge Shadows Hotel and Conference Center, LLC ("Hotel and Conference Center"), John L. Hopkins, III Revocable Trust (the "Revocable Trust") and John L. Hopkins, III ("Hopkins") (collectively referred to hereinafter as "Defendants"). For the reasons stated below, the magistrate judge recommends that plaintiff's motion be granted.

**<u>Jurisdiction and Venue</u>**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff is diverse from each defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This court properly exercises personal jurisdiction over all defendants, as Blue

Ridge Shadows and the Hotel and Conference Center were limited liability companies organized and existing under the laws of Virginia, the Revocable Trust was created in Virginia, Hopkins is a resident of Virginia and all parties were served with process in state. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to plaintiff's claims occurred in this district.[1]

## Procedural History

Plaintiff filed the complaint in this matter on November 13, 2012. Plaintiff served a copy of the summons and complaint via private process server on the registered agent of Blue Ridge Shadows on December 21, 2012. Also via private process server on December 21, 2012, plaintiff served summonses and copies of the complaint on Hopkins on behalf of himself, the Hotel and Conference Center, and the Revocable Trust.[2]

Following defendants' failure to answer within the designated time period, plaintiff requested that the Clerk enter default against them on January 17, 2013 (no. 11). The Clerk entered default (no. 12) against defendants the next day.

---

[1] Plaintiff refers to 28 USC § 1391(b)(2) as the basis for venue in this court in the complaint, but instead refers to 28 USC § 1391(b)(1) in the motion for default judgment. Although defendant Richard L. Magalis ("Magalis") was named in the complaint and resides in Alexandria, Virginia, he was dismissed and is no longer a party to this suit (see footnote 2). Accepting as true the allegations of the complaint, and noting that defendants have failed to contest venue in this court pursuant to Fed. R. Civ. Pro 12(h), the magistrate judge finds that venue is appropriate under 28 USC § 1391(b)(2).

[2] Defendant Magalis is also named in the complaint and was duly served on December 22, 2012. Magalis appeared by counsel and filed an answer to the complaint on January 28, 2013. On February 26, 2013 Magalis and plaintiff filed a stipulation of dismissal, pursuant to which, on February 27, 2013, Judge Cacheris dismissed Magalis from the present suit.

**Standard**

As Defendants have not answered or otherwise responded in any manner to the complaint and the Clerk has entered default against them, it is appropriate for the court to enter default judgment against them if the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts). Accordingly, defendants have admitted the well-pled allegations of fact contained in the complaint.

**Factual Background**

The complaint's well-pled allegations establish the following facts.

Plaintiff Lexon Insurance Company ("Lexon") is a corporation organized and existing under the laws of Kentucky, with a principal place of business in Louisville, Kentucky. Compl. ¶ 1.

Defendant Blue Ridge Shadows was a Virginia limited liability company with its principal place of business in McGaheysville, Virginia, but its charter has been cancelled. Compl. ¶ 2. Defendant Hotel and Conference Center was a Virginia limited liability company with its principal place of business in Harrisonburg, Virginia, but its charter has been cancelled. Compl. ¶ 3. The Revocable Trust is a trust created under the laws of the Commonwealth of Virginia. Compl. ¶ 4. Hopkins is a Virginia resident, residing in McGaheysville, Virginia. Compl. ¶ 5.

On September 13, 2007, defendants executed a General Agreement of Indemnity (the "Indemnity Agreement") in favor of plaintiff Lexon. Compl. ¶ 11; Exh. 1. The Indemnity Agreement lists the indemnitors as Blue Ridge Shadows and Blue Ridge Shadows Hotel and Conference Center, "all affiliates now owned and/or hearafter created, controlled, managed or acquired" by these two entities, as well as the Revocable Trust, and John L. Hopkins, III and Richard Margalis individually. Compl. ¶ 12. In reliance on the Indemnity Agreement, Lexon issued a surety bond in the amount of $411,076 on behalf of the defendants, on which Blue Ridge Shadows was the principal and Warren County, Virginia was the obligee. Compl. ¶¶ 13-14. The bond was intended to cover improvements to Hospitality Drive, including roads, water and sewer improvements to be made in accordance with specifications provided by Warren County. Comp. ¶ 14.

Pursuant to the Indemnity Agreement, defendants were obligated to pay certain premiums to plaintiff. Compl. ¶ 15. Additionally, paragraph 2 of the Indemnity Agreement reads:
> The Indemnitors will indemnify and save the Company harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company may pay or incur in consequence of having executed, or procured the execution of, such bonds, or any renewals or continuations thereof or substitutes therefore, including fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or

> attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement. In the event of payment by the Company, the Indemnitors agree to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of the Indemnitor's liability therefore to the Company.

Compl ¶ 16; Exh. 1. On August 31, 2009, Warren County sent a letter to Lexon, advising it of Blue Ridge Shadows' failure to comply with the requirements of the bond to complete the infrastructure work on Hospitality Road. Belinksi Affidavit ¶ 6 (No. 17-4). Warren County investigated the situation and Lexon eventually negotiated a settlement with Warren County in the amount of $182,000 in exchange for a general release executed on November 12, 2010. Compl. ¶ 19. Throughout these negotiations, Lexon demanded indemnity pursuant to defendants' obligations under the Indemnity Agreement, but defendants have failed and refused to reimburse Lexon for the amount paid out of the bond or its expenses. Belinksi Affidavit ¶¶ 6, 9, 11, 12 (No. 17-4).

## Discussion and Findings

The sole count for which relief is requested in the motion for default judgment is Count I, which is for breach of the General Agreement of Indemnity (the "Indemnity Agreement").[3]

The magistrate judge finds that Virginia law controls in this matter. A federal court sitting in diversity applies the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Here, as the Indemnity Agreement was executed in Virginia and does not contain a choice of law provision to the contrary, Virginia law governs. *Christian*

---

[3] The complaint also lists as Count II breach of the Indemnity Agreement with respect to bond premiums and renewal premiums owed to plaintiff. Plaintiff makes clear in footnote 3 in its memorandum in support of the motion for default judgement that it does not seek relief on this count and withdraws its request.

*v. Bullock*, 215 Va. 98, 205 S.E.2d 635, 638 (1974). "In Virginia, the nature, validity, and interpretation of a contract is governed by the law of the place of contracting." *Wellmore Coal Corp. v. Gates Learjet Corp.*, 475 F. Supp. 1140, 1143 (W.D. Va. 1979) (citing *Woodson v. Celina Mut. Ins. Co.*, 211 Va. 423, 426, 177 S.E.2d 610, 613 (1970)).

Under Virginia law, courts uphold the intent of the contracting parties as expressed through contractual language. *Bender–Miller Co. v. Thomwood Farms, Inc.*, 211 Va. 585, 588, 179 S.E.2d 636 (1971). Where the parties' intent is clear and contractual language open to only one reasonable interpretation, courts construe contractual language according its plain and ordinary meaning. *Appalachian Power Co. v. Greater Lynchburg Transit Co.*, 236 Va. 292, 295, 374 S.E.2d 10 (1988).

The magistrate judge finds that the language of the Indemnity Agreement is clear and open to only one reasonable interpretation. Defendants expressly agreed therein to indemnify plaintiff for the precise sorts of costs plaintiff has incurred. The magistrate judge finds that the $182,000 settlement payment to Warren County to secure a general release resulted from defendants' failure to comply with the terms of the bond, and payment thereof by plaintiff triggered liability on the part of defendants to indemnify plaintiff for that amount.

Further, the magistrate judge finds that the Indemnity Agreement specifically contemplates attorneys' fees and costs in the event that plaintiff was required to bring suit to enforce defendants' obligations under the agreement, such that defendants are liable for any amounts of this nature incurred by plaintiff. Plaintiff's counsel avers under oath in the Declaration of Attorney's Fees (no. 22) that the firm expended 26.5 hours in bringing this suit to

the current stage, and that counsel has a negotiated fee of $250.00 per hour with plaintiff Lexon.[4]

Additionally, plaintiff's counsel indicates that the costs in bringing this action included the $350 filing fee and $534.00 for service of process fees. The magistrate judge finds that the fee rate is clearly reasonable in light of prior decisions of this court and the Fourth Circuit, and that the hours expended are objectively reasonable for a matter of this nature, and that the costs were reasonably necessary under the circumstances. On this basis, the magistrate judge finds that plaintiff is entitled to these amounts, as the Indemnity Agreement clearly places liability for these costs on defendants.

## **Recommendation**

The magistrate judge recommends that plaintiff's motion for default judgment be granted, and that default judgment in the amount of $189,496.21 ($182,000 for the bond loss paid to Warren County, $6,612.21 in attorneys' fees, $350 in court costs, and $534.00 in service of process costs) be entered against defendants Blue Ridge Shadows, LLC, Blue Ridge Shadows Hotel and Conference Center, LLC, John L. Hopkins, III Revocable Trust and John L. Hopkins, III.

---

[4] In a telephone conversation to clarify some discrepancies in the Declaration, plaintiff's counsel indicated that 25.8 hours were spent at the $250.00 per hour rate, and that 0.7 hours were spent at the $200.00 per hour rate. Additionally, in the same conversation, plaintiff's counsel indicated that the $350.00 advance that is shown on page 1 of exhibit 1 to the Declaration was counted as part of the attorney's fees calculation, but was actually the filing fee. So, to prevent double-counting, this amount will be deducted from the attorney's fee amount. The attorney's fees total is thus $6,612.21.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their respective addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 2, 2013
Alexandria, Virginia